**Roland J. LEMOI**

v.

**Edgar LEMOI, Jr., and S.T.F. Transport, Inc.**

**No. 97–321–Appeal.**

Supreme Court of Rhode Island.

June 12, 1998.

Ronald L. Bonin, David C. Moretti, Cranston, for Plaintiff.

Jean A. Boulanger, Coventry, for Defendant.

Before WEISBERGER, C.J., and BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

This case came before a hearing panel of this Court on May 19, 1998, for oral argument pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendants, Edgar Lemoi, Jr., and S.T.F. Transport, Inc. (STF), have appealed from an order entered in the Superior Court granting the motion of plaintiff, Roland J. Lemoi, to levy an execution on assets or the proceeds thereof that were allegedly fraudulently transferred by STF to Edgar Lemoi, Jr., and Carolyn Lemoi pursuant to the Uniform Fraudulent Transfer Act (UFTA).

The plaintiff had obtained a judgment against STF in the amount of $35,941.20 in an action for breach of contract arising out of a lease agreement relative to a 1988 International truck. After execution was issued and returned unsatisfied, plaintiff commenced supplementary proceedings against STF. In the course of these proceedings evidence was adduced that indicated that substantial assets of STF had been transferred from the corporation to the sole shareholders. Edgar and Carolyn Lemoi. The plaintiff then moved for issuance of an execution pursuant to G.L. 1956 § 6–16–7(b) of the UFTA. Pursuant to this motion the parties stipulated to the following facts prior to hearing:

"1. On June 6, 1995 a judgment was entered by the Kent County Superior Court for the plaintiff, Ronald J. Lemoi, against defendant, S.T.F. Transport, Inc., for the amount of $35,941.20, inclusive of interest.

"2. On June 7, 1995, one day after the judgment had entered against S.T.F. Transport, Inc., the corporation transferred $5,000 to Carolyn Lemoi, personally. Carolyn Lemoi was a co-owner of the corporation.

"3. On June 22, 1995, S.T.F. Transport, Inc. transferred $13,745.00 to Edgar Lemoi, Jr., personally. Edgar Lemoi, Jr. was a co-owner of the corporation.

"4. The 1995 tax returns for S.T.F. Transport, Inc. indicate that on June 30, 1995, the corporation transferred to Edgar Lemoi, Jr., personally, a power washer, a plow and a sander, and various other items with a total value of approximately $6,600.

"5. On or about June 30, 1995 substantially all of the assets of S.T.F. Transport, Inc. had been transferred to Carolyn and Edgar Lemoi, Jr., personally. Carolyn and Edgar Lemoi, Jr. were the co-owners of S.T.F. Transport, Inc.

"6. On July 11, 1995, Edgar Lemoi, Jr. purchased a used Ford 8000 Tractor for $7,500. Edgar Lemoi, Jr. did not finance the purchase of the tractor with any lending institution. This tractor is still currently in his possession.

"7. Edgar Lemoi, Jr. will testify that he does not recall exactly how or where the remainder of the $18,745.00 that had been transferred to himself and his wife by S.T.F. Transport, Inc. was spent. Howev-

er, he will testify that to the best of his knowledge and belief, he has spent the remaining money on various expenses, including credit card payments, mortgage payments and other expenses.

"8. On November 5, 1995, Edgar Lemoi deposited the amount of $10,000 in a savings account at Centerville Savings Bank.

"9. Edgar Lemoi, Jr. and Carolyn Lemoi currently have approximately $450 in their savings account at Centerville Savings Bank.

"10. Edgar Lemoi, Jr. and Carolyn Lemoi also currently still have in their possession the power washer, the plow and sander that were listed on the 1995 income tax return of S.T.F. Transport, Inc. as being transferred to them by the defendant, S.T.F. Transport, Inc. Edgar Lemoi, Jr. also currently has in his possession the used Ford 8000 Tractor which he purchased for $7,500 on July 11, 1995.

"11. At the present time, the Judgment which was entered by the Kent County Superior Court against the defendant, S.T.F. Transport, Inc. on June 6, 1995, remains unsatisfied."

On the basis of the foregoing facts, a justice of the Superior Court found that the transfers were fraudulent in accordance with the terms of the UFTA and were made with actual intent to hinder, to delay, or to defraud plaintiff. He then entered an order allowing plaintiff to levy execution on the assets transferred or the proceeds thereof and ordered that execution should issue against Edgar and Carolyn Lemoi. The order provides as follows:

"1. That the transfer of $5,000.00 from S.T.F. Transport, Inc. to Carolyn Lemoi, personally, on June 7, 1995, was fraudulent pursuant to the Uniform Fraudulent Transfer Act.

"2. The transfer on June 22, 1995, of the amount of $13,745.00 from S.T.F. Transport, Inc., to Edgar Lemoi, Jr., personally, was fraudulent pursuant to the Uniform Fraudulent Transfer Act.

"3. The transfer on or about June 30, 1995, of the remaining tangible assets of S.T.F. Transport, Inc., including a plow, a sander and a power washer to Edgar Lemoi, Jr., personally, was fraudulent pursuant to the Uniform Fraudulent Transfer Act.

"4. The Plaintiff may levy execution on Carolyn Lemoi, in the amount of $5,000.00.

"5. The Plaintiff may levy execution on Edgar Lemoi, Jr., in the amount of $13,745.00.

"6. The Plaintiff may levy execution on the tangible assets of S.T.F. Transport, Inc., which were transferred to Edgar Lemoi, Jr., on or about June 30, 1995. Those tangible assets include, but are not limited to a plow, a sander, and a power washer."

In support of their appeal Edgar and Carolyn Lemoi argue that the trial justice erred in ordering a levy of execution against them without the filing of a separate action since Carolyn Lemoi was not a party to the original action and Edgar Lemoi, Jr., in his personal capacity, was dismissed from the original action. They further claim that these transfers were not fraudulent because they were in payment of an antecedent debt owned to them by STF.

However, § 6–16–7(b) of the UFTA provides that "[i]f a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds." The trial justice had specifically found that the transfers from STF to Edgar and Carolyn Lemoi rendered the corporate defendant insolvent. He further found that Edgar and Carolyn Lemoi were the sole shareholders of the corporation, that they were insiders, and that the transfers to them were fraudulent.

We are of the opinion that these findings together with the language of the statute authorized the levy of execution against Edgar and Carolyn Lemoi for the sums transferred to them and also for the specific tangible assets of STF that had been transferred to Edgar Lemoi, Jr.

Consequently the appeals of Edgar and Carolyn Lemoi are denied and dismissed. The order of the Superior Court authorizing

execution against Edgar and Carolyn Lemoi is hereby affirmed.

LEDERBERG and GOLDBERG, JJ., did not participate.